**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**DERWIN KERR**,

  Plaintiff,

    v.

**BLOOMIN' BRANDS, INC.,
D/B/A FLEMING'S STEAKHOUSE**

  Defendant.

**CASE NO.** _____

**FLSA Multi-Plaintiff Action
JURY DEMANDED**

**ORIGINAL COMPLAINT**

Derwin Kerr, ("Plaintiff"), brings this action against Bloomin' Brands, Inc., d/b/a Fleming's Steakhouse, ("Defendant") and, alleges as follows:

## I. NATURE OF THE ACTION

1. This lawsuit is brought against Defendant for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1343(4). Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding certain claims herein and attached as *Exhibit 1*. Plaintiff received his Notice of Right to Sue from the EEOC (attached as *Exhibit 2*) and

has exhausted his administrative remedies through the EEOC. Accordingly, Plaintiff has complied with the 90-day filing requirements by timely filing this Complaint.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this District and Plaintiff was employed by Defendant in this District. In addition, the events, commissions, inactions, and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

### III.    PARTIES

4. Defendant, Bloomin' Brands, Inc., is a Florida corporation with its headquarters located at 2203 N. West Shore Blvd., Tampa, Florida 33607. Its registered agent for service of process is Kelly Leffert, 2203 N. West Shore Blvd., Tampa, Florida 33607

5. Plaintiff Derwin Kerr has been employed by Defendant as a tipped employee (server) within this district during the applicable statutory limitations' period of this action.

### IV.    COVERAGE UNDER THE FLSA

6. Plaintiff is a former employee of Defendant.

7. At all times material to this action, Defendant has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 and, its tipped employees - including Plaintiff - likewise have engaged in interstate commerce during all relevant times.

8. At all times material to this action, Defendant has been an "employer" as defined by the FLSA.

9. Plaintiff was an "employee" as defined by the FLSA, during all times material herein.

10. As a result, Plaintiff is entitled to at least the applicable FLSA minimum wage rate of pay and any applicable overtime compensation rates of pay owed to them, as addressed herein.

## V.   FACTUAL ALLEGATIONS

11. Defendant owns and operates numerous restaurants in Tennessee and in other states across the United States

12. Plaintiff was employed by Defendant as an hourly-paid tipped employee at its Fleming's Steakhouse restaurant in Memphis, Tennessee during all times material to this Complaint.

13. During all times material, Defendant has had a common plan, policy and practice of compensating Plaintiff under a tip-credit compensation plan, consisting of paying such employees only a sub-minimum hourly rate of pay and then crediting tips received by such servers during their shifts which, when added to the sub-minimum pay, would amount to at least the FLSA required hourly rate of pay of at least $7.25.

14. Plaintiff was employed as a "tipped employee" but routinely performed non-tipped tasks and, thereby, was deprived of the opportunity to earn tips during a significant portion of their respective shifts.

15. For example, Plaintiff routinely spent a significant amount of their work time at the beginning of his shifts, and a significant amount of his work time at the ending of their shifts, performing tasks during periods of time when not assigned "tables" and which tasks were unrelated to his tip producing duties (i.e., "dual occupation" duties) including, but not limited to: wiping tables, rolling silverware, refilling soda machines and cleaning the restaurant, as well as kitchen-related tasks, while paid below the federal minimum

wage rate of $7.25 per hour – within weekly pay periods during all times material to this action..

16.     As a result, Plaintiff is entitled to at least the applicable FLSA minimum wage rate of pay, and any applicable FLSA overtime compensation rates of pay, for all hours performing such "dual occupation" duties within weekly pay periods during all times material herein.

17.     In addition, Plaintiff routinely spent a significant portion (20 percent or more) of their regularly scheduled shifts performing maintenance and preparation "side work" for Defendant, consisting of non-tip producing tasks (such as refilling sugar caddies, refilling salt and pepper shakers, filing ice bins, refilling condiments, cleaning chairs, tables, booths, etc., as well as performing pre-closing cleaning tasks, vacuuming and/or sweeping dining areas, checking dishes, and napkins), while only being compensated at a sub-minimum wage rate of pay within weekly pay periods during all times material, rather than being compensated at the applicable federal minimum wage rate of pay of $7.25 per hour, and any applicable FLSA overtime compensation rates of pay, for such work.

18.     Consequently, Plaintiff is entitled to at least the applicable FLSA minimum wage, and any applicable FLSA overtime compensation rates of pay, for all such hours performing maintenance and preparation "side work" within weekly pay periods during all times material, without crediting any of their tips to his wages.

19.     As a result, Defendant owes Plaintiff the difference between their combined actual tips and sub-minimum base pay in such instances and the $7.35 per hour minimum wage as

well as any applicable overtime compensation - within weekly pay periods during all times material.

20. Defendant failed to maintain true and accurate pay records pertaining to Plaintiff as is required by the FLSA.

21. Defendant knowingly committed the above FLSA violations.

22. Defendant's violations were willful with reckless disregard to clearly established FLSA wage and hour requirements, and without a good faith basis.

23. The net effect of Defendant's violations was to save payroll costs and payroll taxes.

24. As a consequence, Defendant has enjoyed ill-gained profits at the expense of Plaintiff.

25. Although at this stage Plaintiff is unable to state the exact amount owed to him, such amounts will become available during the course of discovery.  However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony and records.

26. Plaintiff was terminated from his employment on April 5, 2024, under the pretextual reason that he is a registered sex offender.

27. Plaintiff was never convicted of a felony but was required to register as a sex offender due to a consensual sexual encounter when he was 24 years old.

28. A female employee of Defendant discovered Plaintiff's sex offender registration status and spread this information to other employees after Plaintiff rejected her advances.

29. Defendant's management suspended Plaintiff in late March 2024 while investigating the situation and ultimately terminated his employment on April 5, 2024.

30. Defendant has not terminated similarly situated Caucasian employees who have been convicted of felonies, demonstrating a pattern of racial and gender-based discrimination.

## VI. CLAIMS FOR RELIEF

### COUNT I
### FLSA VIOLATIONS

31.    Plaintiffs hereby incorporate all of the preceding paragraphs.

32.    At all relevant times, Plaintiff was an employee entitled to the FLSA's protections.

33.    Defendant is an employer covered by the FLSA.

34.    The FLSA entitles employees to minimum hourly compensation of at least $7.25 per hour for hours worked under forty (40) in a week and overtime compensation of at least one and one-half times the respective regular hourly rates of pay for hours in excess of 40 per week.

35.    Defendant's common policies and practices of requiring Plaintiff to perform work without receiving minimum wages within weekly pay periods during all times material resulted in a failure to satisfy their minimum wage obligations to Plaintiff and the potential plaintiffs, as previously described.

36.    Defendant's common policies and practices of requiring Plaintiff to perform work in excess of 40 hours per week within weekly pay periods during all times material without receiving the applicable overtime compensation rates of pay resulted in a failure to satisfy their overtime wage obligations to Plaintiff and the potential plaintiffs, as previously described.

37.    As such, Defendant violated the FLSA by failing to pay Plaintiff all the minimum wages and overtime compensation owed them.

38.    Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, without a good faith basis for such failure.

**COUNT II**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RACE DISCRIMINATION**

39. Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs above

40. Plaintiff is an African-American male and a member of a protected class under Title VII.

41. Plaintiff was treated less favorably than similarly situated Caucasian employees who were convicted felons but retained employment.

42. Defendant's termination of Plaintiff constitutes unlawful race discrimination in violation of Title VII.

43. Defendant's unlawful actions complained of herein were intentional, malicious, and taken with reckless disregard to the statutory rights of Plaintiff

44. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered loss of income, emotional distress, and other damages.

**COUNT III**
**VIOLATION OF TITLE VII – SEX DISCRIMINATION**

45. Plaintiff re-alleges and incorporates by reference the allegations set forth in the Paragraphs above.

46. Plaintiff was subjected to disparate treatment on the basis of sex.

47. Defendant's termination of Plaintiff constitutes unlawful sex discrimination in violation of Title VII.

48. Defendant's unlawful actions complained of herein were intentional, malicious, and taken with reckless disregard to the statutory rights of Plaintiff

49. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered loss of income, emotional distress, and other damages.

7

## COUNT IV
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

50. Plaintiff incorporates the foregoing paragraphs as though specifically set forth herein, and alleges that:

51. Defendant's aforementioned actions constitute unlawful racial discrimination and retaliation in violation of 42 U.S.C. § 1981, *et seq*.

52. As a direct and proximate result of Defendant's unlawful discriminatory and retaliatory conduct toward Plaintiff on the basis of his race and Plaintiff has lost wages and benefits and has sustained other pecuniary loss.

53. Plaintiff, as a result of Defendant's actions, has suffered damages to his career and reputation.

54. Defendant's discriminatory and retaliatory actions have been demeaning to Plaintiff and have caused him to suffer pain, humiliation, and embarrassment, as well as emotional distress.

55. Defendant's unlawful actions complained of herein were intentional, malicious, and taken with reckless disregard to the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

Whereas, Plaintiff, request this Court to grant the following relief against Defendant:

A.    An award of compensation for unpaid minimum wages to Plaintiff and potential plaintiffs who join this action at the applicable FLSA minimum wage rate of pay.

B.    An award of compensation for unpaid overtime compensation to Plaintiff and potential plaintiffs who join this action at the applicable FLSA overtime compensation rates of pay.

C.    An award of liquidated damages to Plaintiff and potential plaintiffs who join this action;

D.     An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and potential plaintiffs who join this action;

E.     An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs who join this action;

F.     A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action,

G.     Back pay, lost wages, and benefits;

H.     Compensatory damages for emotional distress, humiliation, and embarrassment;

I.     Punitive damages as allowed by law;

J.     Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: February 5, 2025.

Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*

*rbryant@jsyc.com*
*jholt@jsyc.com*
*jleatherwood@jsyc.com*


*A TTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY
SITUATED*